### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CLINTON C. BARLOW, et al.,  :
                          :   Civil Action No. 09-3326(JAP)
         Petitioner,  :
                          :
         v.           :   **OPINION**
                          :
ANNE MILGRAM, et al.,    :
                          :
         Respondents.  :

**APPEARANCES**:

    CLINTON C. BARLOW, Petitioner pro se
    KAREN E. BARLOW, Petitioner pro se
    P.O. 2134
    Trenton, New Jersey 08607

**PISANO**, District Judge

    This matter is before the Court on the application of petitioners, Clinton C. Barlow and Karen E. Barlow, for a writ of mandamus.[1]  This case was originally filed as a habeas petition under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania (Philadelphia), on or about June 4, 2009.  Petitioners paid the $5.00 filing fee applicable to habeas actions.  On June 8, 2009, the Eastern District of Pennsylvania issued an Order transferring this case to the District of New Jersey based on the Court's finding that the

---

    [1]  Petitioners use a form habeas petition under 28 U.S.C. § 2254 to assert their claims, but have handwritten across the top of the first page that it is a writ of mandamus.  At the end of their application, however, Petitioners indicate that they are bringing this action seeking both a writ of habeas corpus and a writ of mandamus.  (Pet., ¶ 18).

Petitioners are confined in New Jersey.  A certified copy of the
Transfer Order and the docket were received in this District
Court on July 8, 2009.  For the reasons set forth below, the
petition will be dismissed.

## I.   BACKGROUND

Petitioners, Clinton C. Barlow and Karen E. Barlow, are
challenging a New Jersey state court judgment that appears to
have terminated Karen E. Barlow's parental rights.  Clinton C.
Barlow admits that he is the baby's uncle and not a parent or
guardian of the child at issue.  Both petitioners state that they
are confined at the Mercer County "Workhouse," but they do not
indicate that their confinement is based on other convictions.
It appears that their present confinement is related to non-
payment of fines.  (Pet., ¶ 17).

The petition is unclear as to whether the termination of
parental rights is a final decision.  At paragraph 3 of the
petition, Petitioners allege that the State is "trying" to
terminate parental rights.  They note the date of judgment to be
May 15, 2009 (Petition at ¶ 2a), and the date of sentencing to be
September 18, 2009 (Pet., at ¶ 2b), which date has not come to
pass.  This likely may be an error, and could possibly reflect an
actual date of September 18, 2008.[2]

---

[2]  Petitioner Clinton Barlow alleges that, on September 30,
2008, the New Jersey Division of Youth and Family Services
("DYFS") and the New Jersey Attorney General filed a restraining

2

Petitioners allege that the Superior Court of New Jersey, Appellate Division, denied an emergent stay by Petitioners on December 20, 2007, and that the Supreme Court of New Jersey denied the emergent stay on January 25, 2008.  (Pet., ¶ 9). Petitioners also allege that they plan to file an appeal.  (Pet., ¶ 9h).  At ¶ 11(a), Petitioners allege that, on May 12, 2009, they have filed before the Appellate Division, an action to stay lower court orders that are trying to force Karen Barlow to submit to a fifth psychological evaluation on July 29, 2009. They claim that this appeal was denied.  (Pet., ¶ 11(a)(5) and (6)).

Next, Petitioners allege that, on May 14, 2009, they filed another petition before the Superior Court of New Jersey, Mercer County, to regain child custody and fire Karen Barlow's public defender attorney.  They also allege that they filed an application before the New Jersey Supreme Court to have the baby moved out of the foster house because of asthma, and that this application was denied on May 20, 2009.

II.  <u>STANDARDS FOR SUA SPONTE DISMISSAL</u>

United States Code Title 28, Section 2243 provides in relevant part as follows:

A court, justice or judge entertaining an application

---

order against petitioner without giving him a fair hearing and depriving him of due process.

3

for a writ of habeas corpus shall forthwith award the writ
or issue an order directing the respondent to show cause
why the writ should not be granted, unless it appears from
the application that the applicant or person detained is
not entitled thereto.

Petitioners bring their habeas petition as pro se litigants.
A pro se pleading is held to less stringent standards than more
formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S.
97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A
pro se habeas petition and any supporting submissions must be
construed liberally and with a measure of tolerance.  See Royce
v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney
General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.
Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399
U.S. 912 (1970).  Nevertheless, a federal district court can
dismiss a habeas petition if it appears from the face of the
application that the petitioner is not entitled to relief.  See
Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773
F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

## III.  ANALYSIS

### A.  Petitioners Not "In Custody" Under 28 U.S.C. § 2254

Petitioners bring this action under 28 U.S.C. § 2254.
Section 2254 provides:

(a)  The Supreme Court, a Justice thereof, a circuit judge,
or a district court shall entertain an application for a
writ of habeas corpus in behalf of a person *in custody*
pursuant to the judgment of a state court only on the ground
that he is in custody in violation of the Constitution or
laws or treaties of the United States.

4

28 U.S.C. § 2254(a)(emphasis added).  While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be *in custody* under the conviction he is attacking when the petition is *filed*, in order for this Court to have jurisdiction.  See Maleng v. Cook, 490 U.S. 488, 490-92 (1989).

Here, it is evident that the Petitioners are not "in custody" pursuant to the state court judgment terminating parental rights that is being challenged.  In fact, their confinement for non-payment of fines is unrelated to the judgment terminating parental rights, and the termination of parental rights is not a judgment of conviction or sentence of imprisonment that would give rise to a habeas action.  See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973)(habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement).  Here, Petitioners are not attacking the validity of the fact or length of their confinement.  Therefore, their challenge of the termination of parental rights decision is not properly one for habeas corpus relief.

Indeed, while the scope of the federal writ of habeas corpus has been extended beyond that which the most literal reading of the statute might require, the writ has never been available to challenge parental rights or child custody.  See Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 511-12

(1982); Matters v. Ryan, 249 U.S. 375 (1919); In re Burrus, 136 U.S. 586 (1890).  Moreover, "federal courts consistently have shown special solicitude for state interests 'in the field of family and family-property arrangements.'"  Lehman, 458 U.S. at 512 (quoting United States v. Yazell, 382 U.S. 341, 352 (1966)). "The State's interest in finality is unusually strong in child-custody disputes."  Lehman, 458 U.S. at 512, 513.  Under these circumstances, extending the federal writ to challenges to state child-custody decisions-challenges based on alleged constitutional defects collateral to the actual custody decision-would be an unprecedented expansion of the jurisdiction of the lower federal courts.  The writ's availability has been limited to challenges to state-court judgments in situations where, as a result of a state-court criminal conviction, a petitioner has suffered substantial restraints not shared by the public generally, and the petitioner has been found to be "in custody" within the meaning of § 2254(a).

Further, not only do Petitioners not meet the "in custody" requirement, Petitioner Karen Barlow's child also is not in the "custody" of the State in the way in which this term has been used in determining the availability of the writ of habeas corpus.  The child is in the "custody" of foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents.  The child suffers no restraint on liberty not shared by the public

generally, cf. Jones v. Cunningham, 371 U.S. 236 (1963); Hensley
v. Municipal Court, 411 U.S. 345 (1973), nor does he or she
suffer "collateral consequences" sufficient to outweigh the need
for finality, cf. Carafas v. LaVallee, 391 U.S. 234 (1968).
Thus, to extend the federal writ to challenges to state child-
custody and termination of parental rights decisions based on
alleged constitutional defects collateral to the actual custody
decision would be an unprecedented expansion of the jurisdiction
of the federal courts.  Lehman, 458 U.S. at 512.

        Accordingly, this Court lacks subject matter jurisdiction
over Petitioners' habeas petition, and it should be dismissed
accordingly, because Petitioners do not satisfy the "in custody"
requirement for habeas jurisdiction to attach.

B.   Rooker-Feldman Doctrine Bars District Court Review

        A federal district court has no authority to review final
judgments of state court judicial proceedings.  District of
Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, (1983).
Even constitutional claims which are inextricably intertwined
with the state court decisions are not reviewable.  Feldman, 460
U.S. at 483 n. 16; Rooker v. Fidelity Trust Co., 263 U.S. 413,
415-16 (1923); In re General Motors Corporation Pick-Up Truck
Fuel Tank Products Liability Litigation, 134 F.3d 133, 143 (3d
Cir. 1998); Blake v. Papadakos, 953 F.2d 68, 71 (3d Cir. 1992).
The concerns that underlie the Rooker-Feldman doctrine are
respect for the state courts and concerns over finality of

judgments.  <u>Guarino v. Larson</u>, 11 F.3d 1151, 1156-57 (3d Cir. 1993).

Thus, district courts lack subject matter jurisdiction once the state court has adjudicated an issue because Congress has conferred only original jurisdiction, not appellate jurisdiction, on the district courts.  <u>See</u> <u>Rooker</u>, 263 U.S. at 416.  The Third Circuit has interpreted the <u>Rooker-Feldman</u> doctrine to encompass final decisions of lower state courts.  <u>See</u> <u>FOCUS v. Allegheny County Court of Common Pleas</u>, 75 F.3d 834, 840 (3d Cir. 1996)(citing <u>Port Auth. Police Benev. Ass'n v. Port Auth.</u>, 973 F.2d 169, 178 (3d Cir. 1992)).

Here, Petitioners' claims are "inextricably intertwined" with decisions of the state courts because they amount to nothing more nor less than a "prohibited appeal" from the decisions of the New Jersey state courts.  The United States Court of Appeals for the Sixth Circuit expressly has found that the <u>Rooker-Feldman</u> doctrine bars an action challenging the termination of parental rights in state court proceedings because such an action would be an attempted appeal from a state court decision.  <u>See</u> <u>Bodell v. McDonald</u>, No. 00-5679, 2001 WL 137557, at *2 (6th Cir. Feb.7, 2001), <u>cert</u>. <u>denied</u>, 533 U.S. 951 (2001).  Therefore, the only recourse available to Petitioners in response to the adverse state-court decisions concerning the termination of parental rights is to pursue timely appeals in the New Jersey Appellate Division and the New Jersey Supreme Court, and then, if necessary

apply for a writ of certiorari to the United States Supreme Court.  See, e.g., Santosky v. Kramer, 455 U.S. 745 (1982)(the Court has considered constitutional challenges to custody or parental-rights proceedings, but these cases have reached the Court on direct review of the final state-court decision, not on federal habeas).

Accordingly, because the Rooker-Feldman doctrine clearly precludes a lower federal court from reviewing state-law decisions, Petitioners' case must be dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.

C.  Writ of Mandamus Not Available to Petitioners

Petitioners also seek relief under the All Writs Act or by petition for a writ of mandamus, pursuant to 28 U.S.C. § 1651, to challenge the termination of parental rights decision by the New Jersey state courts.

The Mandamus Act vests the district court with original jurisdiction over any action in the nature of mandamus to compel an officer or agency of the United States to perform a duty owed to a plaintiff.  See 28 U.S.C. § 1361.  It is well-established that a writ of mandamus is an extraordinary remedy, to be granted only in extraordinary cases.  See Heckler v. Ringer, 466 U.S. 602, 616 (1984); United States v. Olds, 426 F.2d 562, 565 (3d Cir. 1970).  Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free

9

from doubt." Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992).

The Supreme Court has set forth conditions to be established before mandamus relief is granted:  (1) that plaintiff has a clear right to have his application adjudicated; (2) that defendants owe a nondiscretionary duty to rule on the application; and (3) that plaintiff has no other adequate remedy. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Kerr v. United States District Court, 426 U.S. 394, 403 (1976)(party seeking issuance of the writ must "have no other adequate means to attain the relief he desires" and must show that his "right to issuance of the writ is clear and indisputable"); United States v. Ferri, 686 F.2d 147, 152 (3d Cir. 1982), cert. denied, Matthews v. U.S., 459 U.S. 1211 (1983). Even where this burden is met, the court has discretion to deny the writ, "even when technical grounds for mandamus are satisfied." Coombs v. Staff Attorneys, 168 F. Supp.2d 432, 434-35 (E.D. Pa. 2001)(citation omitted).

Here, the Court finds no basis for mandamus relief.  First, Petitioners cannot show that their right to the writ is clear and undisputable.  Second, the named respondents are not federal officers that owe a non-discretionary duty to Petitioners. Rather, Petitioners are seeking to overturn a state court judgment that terminated the parental rights of Karen Barlow. Finally, Petitioners have not demonstrated that they have no

10

other remedy.  While it is not entirely clear that Petitioners have exhausted all state court remedies with respect to the state court judgment terminating parental rights, even if they had, the proper course for Karen Barlow to take would be a petition for a writ of certiorari to the United States Supreme Court for review of the New Jersey Supreme Court's decision.  See Santosky v. Kramer, 455 U.S. 745 (1982).  It does not appear that Barlow has filed a writ for certiorari.

Therefore, Petitioners have failed to show any extraordinary factors that would warrant resort to a petition for a writ of mandamus, and this petition for mandamus relief will be denied for lack of merit.

IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the

11

prisoner's underlying constitutional claim, a COA should issue
when the prisoner shows, at least, that jurists of reason would
find it debatable whether the petition states a valid claim of
the denial of a constitutional right and that jurists of reason
would find it debatable whether the district court was correct in
its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484
(2000).

Here, jurists of reason would not find the Court's
procedural disposition of this case debatable.  Accordingly, no
certificate of appealability will issue.

<u>**CONCLUSION**</u>

Based upon the foregoing, Petitioners' claim under 28 U.S.C.
§ 2254 will be dismissed for failure to satisfy the "in custody"
requirement under 28 U.S.C. § 2254(a).  Furthermore, this Court
lacks appellate jurisdiction to review the challenged state court
decision terminating parental rights.  Finally, Petitioners'
request for mandamus relief must be denied for lack of merit.
No certificate of appealability will issue.  An appropriate Order
accompanies this Opinion.

<u>/s/ Joel A. Pisano</u>
JOEL A. PISANO
United States District Judge

Dated:    July 23, 2009